I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 7-10-00

DEPUTY CLERK

SCAN ONLY

FILED
CLERK, U.S. DISTRICT COURT

JUL 1 0 2000

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RORY C. FOLSOM,<br><br>        Petitioner,<br><br>    v.<br><br>WILLIAM A. DUNCAN,<br><br>        Respondent. | Case No. CV 00-07054 RSWL (AN)<br><br>**ORDER RE FURTHER PROCEEDINGS IN HABEAS CORPUS ACTION BROUGHT BY PERSON IN STATE CUSTODY** |

On June 23, 2000, Rory C. Folsom ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition"). The Court has reviewed the Petition and found that summary dismissal is not warranted. Accordingly, the Court issues this order re further proceedings ("OFP") directing the parties to proceed as follows:

## 1. Service of Petition

The Clerk of the Court is directed to forward copies of the Petition to Respondent and his or her representative and the Attorney General of the State of California, unless Petitioner is represented by counsel, in which case Petitioner's counsel shall

serve Respondent and his or her representative and the Attorney General of the State of California with copies of the Petition and file proofs of service with the Court.  If the Petition also names the Attorney General and/or "et al." as additional Respondents, they are hereby *sua sponte* dismissed as parties to the action.

### 2.    Request For Appropriate State Court Records

Respondent, either by him or her self or through his or her counsel of record, shall request all appropriate state court records from the clerk of the California Supreme Court and/or appropriate clerk of the California Court of Appeals within ten (10) calendar days from the date of this OFP.  The failure to request all appropriate records within this time period shall, at the very least, result in the summary denial of any request for an extension of time to file and serve a motion to dismiss.

### 3. Response to Petition

The Court recognizes the Respondent may not be able to secure all appropriate state court records needed to prepare a response to the Petition because the large number of state habeas petitions makes it difficult for the clerks of the state courts to promptly retrieve, copy, and send all requested records in response to the Respondent's requests.  Accordingly, Respondent shall file and serve a Return or other response to the Petition on or before **November 6, 2000**; that is, the due date is one-hundred and twenty (120) days from the date of this OFP.

Thereafter, and only if good cause can be shown, Respondent may file and serve an ex parte application ("Application") for one thirty (30) day extension of time to file either a Return or

- 2 -

other response. **The Application must be filed and served at least ten (10) calendar days before the foregoing due date.** Further, if the Application is based, in whole or in part, upon the ground that all of the requested state court records have not yet been received, the Application must be supported by a declaration signed by the Respondent's counsel of record:

    (1)   certifying that Respondent's counsel made a formal written request(s) for all appropriate state court records within ten calendar days from the date of this OFP (the date should be identified and a copy of the written request to the clerk of the applicable state court should be attached as an exhibit to the declaration);

    (2)   identifying the date(s) that certain requested records were received from specific state courts and explaining why the Respondent still needs other records to prepare a Return or response (if applicable);

    (3)   identifying the state records that have been requested but have not been received and explaining what (if any) additional efforts have been made to obtain said records (copies of any written follow-up requests for records should be attached as exhibits to the declaration);

    (4)   any other facts that would support good cause for granting an extension.

A proposed order entitled "[PROPOSED] ORDER GRANTING/DENYING FIRST EX PARTE APPLICATION FOR EXTENSION OF TIME" must be lodged with the Application. The proposed order must contain the

following provision:

The Application is GRANTED/DENIED. Respondent shall have until _____, 200__ to file and serve a Return or other response. Petitioner's Traverse shall be due to be filed and served no later than _____, 200__.

**NO FURTHER EXTENSION OF TIME SHALL BE GRANTED WITHOUT A SHOWING OF EXCEPTIONAL CIRCUMSTANCES.**

An Application will be denied if the Application and proposed order do not comply with the foregoing orders. Further, if the declaration in support of the Application shows that an extension of time is being sought even though the Respondent has possessed all of the requested state court records for at least forty-five (45) days, the Application will be denied unless the supporting declaration sets forth a detailed factual basis establishing good cause for granting an extension of time. Further, an Application seeking an extension of time on grounds other than lack of receipt of the pertinent state court records must be accompanied by a declaration signed by at least one of the supervising deputy attorney generals that sets forth good cause for the failure to meet the filing deadline and need for an extension of time. **Inadequate or poor planning does not constitute good cause.**

**Every** Application and related proposed order must be titled and labeled in a manner that identifies how many prior ex parte applications for an extension of time have been made and granted

- 4 -

or denied (e.g., "First Ex Parte Application . . . , Second Ex Parte Application . . . ).    The failure to identify or explain if a prior Application has been made and granted shall result in the denial of the Application and may also result in an order to show cause why monetary sanctions should not be imposed against the Respondent and/or Respondent's counsel.

### 4.  Exhaustion

Respondent is directed to make a careful examination of the question of exhaustion of state court remedies as to all grounds set forth in the Petition, including the exhaustion of federal *legal* issues, as required by *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982).  If Respondent contends that Petitioner has failed to exhaust state remedies with respect to any ground of the Petition, Respondent must identify the remedy which is still available to Petitioner.  Respondent shall also address the issues of state procedural bar, abuse of the writ, statute of limitations, and any other applicable affirmative defenses.  If these issues are not applicable, the Return shall address the merits of each disputed claim, and the necessity, if any, for an evidentiary hearing to resolve any issue.

### 5.  Lodging Of State Court Records

Respondent shall lodge with the Court copies of all petitions filed by Petitioner in the State Supreme Court, and all state court transcripts, briefs, orders, opinions, and other records as are necessary to support the Return and/or refute allegations in the Petition.  The outside of each envelope shall specify the documents contained therein.  Where consideration on the merits requires this Court to make an independent review of

- 5 -

the record, Respondent's Return must include citations to the transcripts of the state proceedings; citations to state court opinions alone are insufficient.

### 6. Exhibits

All exhibits to the Return shall be numbered consecutively with the Return, and tabbed, as expressly required by Local Rule 3.6. The Return must cite the page number of any exhibit or document used to support any statements in the Return. Any Return that does not comply with this part of the OFP shall be rejected for filing and returned to the Respondent's counsel.

### 7. Traverse

Unless otherwise ordered by the Court, Petitioner shall have up to sixty (60) days from the date the Return is served to file and serve a Traverse. Petitioner shall be responsible for correctly calculating the filing and service deadline for the Traverse based upon the proof of service attached to the Return. The Traverse cannot raise any new claims not raised in the Petition. Petitioner is further warned that the failure to file and serve a Traverse in the appropriate time may result in the allegations of the Return being accepted as true pursuant to 28 U.S.C. § 2248.

### 8. Other Matters

No pleadings or other papers shall exceed 25 pages in length, excluding indices and exhibits, unless permitted by order of the magistrate judge.

Counsel and/or any party unrepresented by counsel shall refrain from writing letters to the magistrate judge or members of his staff. Letters and all other *ex parte* communications

written to the magistrate judge or members of his staff are prohibited, will not be considered, and will be deemed stricken from the record.  Local Rule 2.10.

Every pleading or other paper delivered to the Court for filing or lodging must include a certificate or proof of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel).  Any pleading or other paper delivered to the Court without a certificate of service will be rejected for filing, will be returned to the submitting party, and will not be considered by the Court.  Local Rule 5.8.

Petitioner shall *immediately* notify the Court and opposing counsel of any change of Petitioner's address by filing and serving a "Notice of Change of Address."  Petitioner's failure to keep the Court and the opposing counsel informed of Petitioner's current address will constitute a violation of this Order and may result in the dismissal of the action.  Local Rule 12.7.

*Every* pleading or other paper filed with the Court, including exhibits to documents, shall be filed along with one clear, conformed, and legible copy for the use of the judge. Local Rule 3.5.  Any pleading or other paper that is not accompanied by a complete judge's copy shall be rejected for filing.  **The Court is not a copying service.**

The failure of any party to comply with any of the foregoing terms of this Order may result in the imposition of sanctions. In particular, Petitioner is warned that the failure to comply with any part of this Order, or any subsequent order of the Court, may result in the dismissal of the action with prejudice

Last Revised: December 16, 1999                    - 7 -

for failure to comply with a court order.

The Clerk shall serve a copy of this Order by United States mail on Petitioner and on the Attorney General of the State of California.

**IT IS SO ORDERED.**

DATED:   July 7, 2000

_____
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE