Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED
CLERK, U S DISTRICT COURT

MAY 21 2001

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Rory C Folsom,

Petitioner,

v

William A. Duncan,

Respondent.

CASE NUMBER

**CV 00-7054-RSWL (SGL)**

NOTICE OF FILING
OF MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION AND THE
LODGING OF PROPOSED JUDGMENT
AND/OR ORDER

TO:

Rory C. Folsom
CDC #D-29621
San Luis Obispo Calif. Men
Colony East Hospital
P.O Box 8101
San Luis Obispo, CA 93409

Helen E. Hesse
Office of Attorney General
300 S. Spring St. #500
Los Angeles, CA 90013-1204

You are hereby notified that pursuant to the Local Rules Governing Duties of Magistrate Judges, the Magistrate Judge's report and recommendation has been filed and a proposed judgment and/or order has been lodged on____ **May 21, 2001**, copies of which are attached.

Any party having objections to the report and recommendation and the proposed judgment and/or order shall, not later than____**June 13, 2001**____, file and serve a written statement of objections with points and authorities in support thereof before the **Honorable Stephen G. Larson, U.S. Magistrate Judge.**

Failure to so object within the time limit specified shall be deemed a consent to any proposed findings of fact. Upon receipt of objections, or upon lapse of the time for filing objections, the case will be submitted to the District Judge for disposition. Following entry of judgment and/or order, all motions or other matters in the case will be considered and determined by the District Judge

The report and recommendation of a Magistrate Judge is not a final appealable order. A notice of appeal pursuant to Federal Rules of Appellate Procedure 4(a)(1) should not be filed until entry of a judgment and/or order by the District Judge.

CLERK, UNITED STATES DISTRICT COURT

Dated.____May 21, 2001____   By____James Munoz  ENTER ON ICMS

Deputy Clerk

MAY 22 2001

Attachments

M-51 (6/98)    NOTICE OF FILING OF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND THE LODGING OF PROPOSED JUDGMENT AND/OR ORDER



FILED
CLERK, U S DISTRICT COURT

MAY 21 2001

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

RORY C. FOLSOM,                ) NO. CV 00-07054-RSWL (SGL)
                               )
            Petitioner,        )
                               ) REPORT AND RECOMMENDATION OF
       vs.                     ) UNITED STATES MAGISTRATE JUDGE
                               )
WILLIAM A. DUNCAN, Warden,     )
                               )
            Respondent.        )
_____)

This Report and Recommendation is submitted to the Honorable Ronald S.W. Lew, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

Rory C. Folsom pleaded guilty in 1985 to second-degree murder and was sentenced to a term of fifteen years to life in state prison. Afterwards, Folsom unsuccessfully sought on three separate occasions to be released on parole by the California Board of Prison Terms. Folsom eventually filed a petition for a writ of habeas corpus with this Court, claiming numerous deficiencies with the parole board's decisions denying him parole.

Respondent has moved to dismiss the petition as time-barred. For the reasons set forth below, the petition should be dismissed as

time-barred.

## BACKGROUND

In March, 1993, the state parole board held a hearing to consider Folsom's eligibility for parole and concluded that he was unsuitable for parole. Folsom never filed an administrative appeal from the board's decision. On March 17, 1994, the parole board held another parole eligibility hearing and again concluded that Folsom was unsuitable for parole. Folsom filed an administrative appeal on August 21, 1994, to the board's decision. The prison's administrative appeals unit affirmed the parole board's decision on April 11, 1995. Finally, on April 17, 1996, the parole board again denied Folsom's request for parole. Folsom never appealed that decision.

Folsom's next challenge to the parole board's decisions denying him parole occurred nearly two years later on January 12, 1998, in the form of a state habeas petition filed in the Los Angeles County Superior Court. The petition was denied on February 7, 1998. Folsom next filed a state habeas petition with the California Court of Appeal on March 15, 1999. The petition was later denied on November 3, 1999. Folsom then filed a state habeas petition with the California Supreme Court on December 15, 1999. That petition was denied by the California Supreme Court on March 29, 2000, with a citation to In re Robbins, 18 Cal.4th 770, 780 (1998).

The instant federal petition was filed on June 28, 2000.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") placed a one-year statute of limitations for inmates in custody "pursuant to the judgment of a State court" to file their

federal habeas petitions. See 28 U.S.C. § 2244(d)(1).   The limitations period began to run in this case from:

> (A)  the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

28 U.S.C. § 2244(d)(1)(A).

The present case raises questions concerning application of the AEDPA's statute of limitations to decisions rendered by a state's agencies not its courts.  Respondent asserts that the parole board's last decision denying parole (which occurred on April 17, 1996) should be treated as the final "judgment" mentioned in subsection 2244(d)(1)(A), thereby triggering the start of the one-year limitations period.

Although the term "judgment" is not defined by the statute, its common meaning signifies either "a formal utterance of an authoritative opinion" or a "formal decision given by a court." MERRIAM-WEBSTER'S COLLEGIATE Dictionary (10th ed. 1998).  Clearly, the term could plausibly be read to require a decision by a court or it could be viewed more generally to encompass any decision by a state authority, be it a state court or a state agency such as the parole board.  The latter interpretation is more consistent with the structure of the statute and also avoids creating a conflict with other sections of the statute.

If Congress intended the term "judgment" to refer only to decisions rendered by state courts, there would be no need for it to make this meaning explicit by modifying the term elsewhere in the statute.  Congress, however, did just that in section 2244(d)(1). There it is provided that the limitations period applies to habeas petitions filed by inmates who are in custody pursuant to a

3

"judgment of a State court."  The use of the modifying phrase "of a State court" demonstrates that Congress consciously chose to make clear that the term "judgment" in section 2244(d)(1) was not being used in its more generalized sense.  Congress did not make similar efforts in drafting the very next section, 2244(d)(1)(A).  There it simply used the term "judgment" without any modifying phrase.  When a term is modified differently in different sections of the same statute, courts should interpret the term's meaning as being different in each section.  See Cowart v. Nicklos Drilling Co., 505 U.S. 469, 497 (1992) (Blackmun, J., dissenting).

Moreover, reading "judgment" to refer only to decisions by state courts would create a conflict with another section of the statute.  See United States v. Ron Pair Enter., Inc., 489 U.S. 235, 245-47 (1989) (holding that courts should interpret statutes in a manner that avoids a conflict between its various sections).  In California, inmates can seek judicial review of parole board decisions only by way of collateral attack through a state habeas corpus petition, as indeed Folsom did in this case.  See In re Sturm, 11 Cal.3d 258, 269 (1974) ("The basic remedy available to correct arbitrary [parole board] action is the writ of habeas corpus.").  Subsection 2244(d)(1)(A), however, provides that the limitations period is only triggered after the judgment became final by way of "direct review."  Since state courts cannot render decisions regarding denials of parole on direct review, limiting the term "judgment" to refer to state court decisions would mean that the AEDPA's limitations period would never start ticking for inmates challenging denials of parole.  Such a reading is at odds with another provision in the statute.  Section 2244(d)(1) provides that

4

a one-year limitations period shall apply to all federal habeas petitions. Reading "judgment" in the more strict sense (i.e., applying only to state court decisions) would thus serve to render nugatory section 2244(d)(1)'s global command that a one-year limitations period applies to all federal habeas petitions. The limitations period, so construed, would never apply to parole board decisions. The Court therefore concludes that a parole board's decision denying parole constitutes a judgment for purposes of subsection 2244(d)(1)(A). See Smith v. Angelone, 73 F. Supp.2d 612, 615 (E.D. Va. 1999) (holding the same).

Under subsection (d)(1)(A), the Court must also determine the date the parole board's decision became final. The parole board last rendered a decision denying Folsom parole on April 17, 1996. Pursuant to California's Department of Corrections regulations, Folsom then had fifteen working days to file an appeal. See CAL. CODE REGS. tit. 15, § 3084.6(c). Folsom, however, never filed such an administrative appeal. Accordingly, the parole board's decision became final, for purposes of subsection (d)(1)(A), on the last day he could have filed an appeal, that is, May 8, 1996.[1] Cf. Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (holding "that the period of 'direct review' in . . . § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether of not the petitioner actually files such a petition."). His last day to file his federal habeas petition therefore was May 8, 1997, unless a

---

[1] The Ninth Circuit's decision in Miles v. Prunty, 187 F.3d 1104 (9th Cir. 1999), does not apply in this case as urged by respondent because Folsom's conviction became final a little more than two weeks after the enactment of the AEDPA.

basis for tolling exists under section 2244(d)(2).

The AEDPA provides that the statute of limitations is tolled during the time "which a properly filed application for State post-conviction or other collateral review . . . is pending . . . ." 28 U.S.C. § 2244(d)(2). Folsom's state habeas petitions, however, cannot serve to toll the limitations period because they were all filed well after the statute of limitations had expired. See Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000). Given that Folsom filed his habeas petition on June 28, 2000, more than three years after the limitations period expired, and no basis for tolling exists, Folsom's petition is untimely.

### RECOMMENDATION

IT THEREFORE IS RECOMMENDED that the District Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) directing that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: _5/21/01_

STEPHEN G. LARSON
UNITED STATES MAGISTRATE JUDGE





# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

RORY C. FOLSOM,  )     NO. CV 00-07054-RSWL (SGL)
                   )
        Petitioner,  )     ORDER ADOPTING FINDINGS,
                   )     CONCLUSIONS AND
                   )     RECOMMENDATIONS OF UNITED
      vs.  )     STATES MAGISTRATE JUDGE
                   )
WILLIAM A. DUNCAN, Warden,  )
                   )
        Respondent.  )
_____)

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge. The Court concurs with and adopts the findings, conclusions and recommendations of the Magistrate Judge.

IT IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: _____


                                      _____
                                      RONALD S.W. LEW
Prepared by:                         UNITED STATES DISTRICT JUDGE

STEPHEN G. LARSON
UNITED STATES MAGISTRATE JUDGE



LODGED
CLERK, U S DISTRICT COURT

MAY 21 2001

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

PROPOSED

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RORY C. FOLSOM, | NO. CV 00-07054-RSWL (SGL) |
| Petitioner, | |
| vs. | J U D G M E N T |
| WILLIAM A. DUNCAN, Warden, | |
| Respondent. | |

Pursuant to the Order Adopting Findings, Conclusions and Recommendations of United States Magistrate Judge,

IT IS ADJUDGED that the Petition is denied and this action is dismissed with prejudice.

DATED: _____

_____
RONALD S.W. LEW
UNITED STATES DISTRICT JUDGE

Prepared by:

_____
STEPHEN G. LARSON
UNITED STATES MAGISTRATE JUDGE